AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court __DISTRICT OF NEVADA__ on the following [X] Patents or [✓] Trademarks:

| DOCKET NO.<br>3:06-cv-49-LRH(VPC) | DATE FILED<br>2/2/2006 | U.S. DISTRICT COURT  DISTRICT OF NEVADA |
|---|---|---|
| PLAINTIFF<br>CALCULATED INDUSTRIES, INC., et al. | | DEFENDANT<br>SYNAPSE RETAIL VENTURES, et al. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,721,623 (Patent) | 4/13/2004 | Calculated Industries   (CMT) See Attached Complaint |
| 2 | 2,496,661 (Trd-Mrk) | 4/13/2004 | Calculated Industries (CMT) See Attached Complaint |
| 3 | | | |
| 4 | | | |
| 5 | | | |

*U.S. DISTRICT COURT DISTRICT OF NEVADA FILED FEB - 2 2006 CLERK, U.S. DISTRICT COURT BY DEPUTY*

In the above—entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |
|---|---|

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>LANCE S. WILSON | (BY) DEPUTY CLERK<br>*Brenda L. Gillett* | DATE<br>2/2/06 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

| | |
|---|---|
| 1 | Ian F. Burns |
| | Nevada Bar No.: 4549 |
| 2 | Ian F. Burns & Associates, P.C. |
| 3 | P.O. Box 71115 |
| | Reno, NV 89570 |
| 4 | Tel: (775) 826-6160 |
| | Fax: (775) 828-1651 |
| 5 | |
| 6 | Attorney for Plaintiffs |
| | CALCULATED INDUSTRIES, INC. |
| 7 | CONSTRUCTION MASTERS TECHNOLOGIES, INC. |

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CALCULATED INDUSTRIES, INC., a Nevada corporation, and | ) ) ) | Case No.: |
| CONSTRUCTION MASTER TECHNOLOGIES, INC., a Nevada corporation, | ) ) ) ) | **COMPLAINT FOR PATENT INFRINGEMENT, FEDERAL TRADEMARK INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN, FEDERAL TRADEMARK DILUTION, COMMON LAW TRADEMARK INFRINGEMENT, AND COMMON LAW UNFAIR COMPETITION** |
| Plaintiffs, vs. | ) ) ) | |
| SYNAPSE RETAIL VENTURES, a Connecticut corporation, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| THE KROGER CO., an Ohio corporation, and | ) ) | |
| DOES 1-10, | ) ) | |
| Defendants | ) ) | |

Calculated Industries, Inc., ("Calculated Industries") and Construction Master Technologies, Inc., ("CMT") file this Complaint against defendant, Synapse Retail Ventures ("Synapse"), The Kroger Co. ("Kroger") and DOES 1-10, and demanding a trial by jury, alleges as follows:

-- 1 --

## JURISDICTION AND VENUE

1. The first cause of action is for patent infringement, which arises under the patent laws of the United States, Title 35, United States Code. This Court had original jurisdiction over the subject matter of these causes of action pursuant to the provisions of 28 U.S.C. §§1331 and 1338(a).

2. The second through fourth causes of action are for federal trademark infringement, federal false designation or origin, and federal trademark dilution, respectively, which arise under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §1051, et seq. This Court has original jurisdiction over subject matter of these causes of action pursuant to the provisions of 28 U.S.C. §1331 and 1338(a), as well as 15 U.S.C. §1121.

3. This Court also has original jurisdiction over Calculated Industries fifth through sixth cause of action pursuant to the provisions of 28 U.S.C. §1338(b) because these causes of action are for Nevada trademark infringement in violation of Nevada common law, claims for unfair competition under Nevada law and are joined with a substantial and related claim under the trademark laws of the United States.

4. Further, this Court has supplemental jurisdiction over Calculated Industries' fifth through sixth causes of action under 28 U.S.C. §1367(a). These claims are so related to the other claims in this case, over which this Court has original Jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

5. Upon information and belief, venue is proper under 28 U.S.C. §§1391(b) and 1391(c), as well as 28 U.S.C. §1400(b).

## THE PARTIES

6. Plaintiff Calculated Industries is a corporation incorporated under the laws of the State of Nevada and has its principal place of business at 4840 Hytech Drive, Carson City, Nevada 89706.

7. Plaintiff CMT is a corporation incorporated under the laws of the State of Nevada and has its principal place of business at 4840 Hytech Drive, Carson City, Nevada 89706.

8. Defendant Synapse is a corporation incorporated under the laws of the State of Connecticut and has its principal place of business at 4 High Ridge Park, Stamford, CT 06905.

-- 2 --

9. Defendant Kroger is a corporation incorporated under the laws of the State of Ohio and has its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202.

10. Plaintiffs are ignorant of the true names and capacities of the defendants sued herein under fictitious names DOES 1-10, inclusive (the "Doe Defendants"). Upon information and belief, the Does Defendants are involved with Synapse and Kroger and/or the activities alleged herein, but Plaintiffs have been unable to identify the names of the Doe Defendants from public records available to Plaintiffs. Plaintiffs have thus sued the Doe Defendants by their fictitious names. Plaintiffs will seek leave to amend this Complaint to allege the true names, capacities, and residences of the Doe Defendants when ascertained. Defendants Synapse, Kroger and the Doe Defendants are hereinafter collectively referred to as the "Defendants."

11. Upon information and belief, Defendants reside in this district under 28 U.S.C. §1391. In particular, the Defendants do business in this district and a substantial part of the events giving rise to the claims in the case occurred in this district.

## FIRST CAUSE OF ACTION

### (Patent Infringement – United States Patent No. 6,721,623)

(35 U.S.C. §271 et seq.)

12. On April 13, 2004, United States Patent No. 6,721,623 ("the '623 patent"), for an invention entitled "Woodworking and Home Improvement Calculator," was duly and legally issued in the name of Diamond et al. By virtue of proper assignment, CMT has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof. By virtue of a license, Calculated Industries holds a license to this patent, including the right to sue and recover for infringement thereof. A copy of the '623 patent is attached as **Exhibit 1**.

13. Defendants have notice of Plaintiff's rights in the '623 patent.

14. Defendants have infringed the '623 patent by manufacturing, using, offering to sell, selling, and/or importing calculators embodying one or more of the inventions claimed therein within the United States, or by supplying infringing products to others to use, thereby inducing and/or contributing to the infringement of the '623 patent, and will continue to do so unless enjoined by this Court.

-- 3 --

15. By reason of Defendants acts of infringement, Plaintiffs have suffered and is suffering damages, including impairment of the value of the '623 patent, in an amount yet to be determined.

16. Defendant's acts of infringement are causing irreparable harm to Plaintiffs and will continue to cause irreparable harm unless enjoined by this Court.

17. Upon information and belief, Defendant's acts have been committed willfully and with knowledge of Plaintiffs' patent rights and have resulted, and are currently resulting, in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined.

## SECOND CAUSE OF ACTION
### (Federal Trademark Infringement)
### (Shape, Style, and Overall Appearance of the PROJECTCALC® Calculator)

18. Plaintiffs repeat, re-alleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-11, above.

19. For many years, and prior to the acts of Defendants complained of herein, Calculated Industries has continuously manufactured, advertised, assembled, marketed, sold and distributed, in interstate and international commerce, high-quality calculators, including, but not limited to, a line of calculators under the distinctive registered trademark "PROJECTCALC". These products have prominently displayed "ProjectCalc" and "ProjectCalc Plus" labels. These calculators are also characterized by their distinctive shape, style and overall appearance ("SSOA"), which is also a trademark of Calculated Industries. These calculators are further characterized by their outstanding design features, colors, materials of constructions, workmanship, performance, and durability. These calculators are also distinguished by outstanding user interfaces, menus, data entry sequences and ease of use.

20. The SSOA of the PROJECTCALC® calculators shown in **Exhibit 2**, is inherently distinctive, nonfunctional, and has acquired secondary meaning in that it has come to be associated by the trade and consuming public exclusively with Calculated Industries and, as a result, has come to signify Calculated Industries as the source of calculators bearing the same or similar characteristics.

-- 4 --

21. Calculated Industries has obtained, and is owner of, a federal registration for "PROJECTCALC". A copy of this federal registration, United States Trademark Registration Number 2,496,661, is attached hereto as **Exhibit 3**. This registration remains in full force and effect. At all relevant times, Calculated Industries has consistently and continuously displayed the registration symbol "®" or its equivalent since the mark has become registered.

22. Calculated Industries has manufactured, marketed, and advertised its calculators and related products so that the public associates them with extraordinary design, material, workmanship, and reliability. In furtherance of that goal, Calculated Industries usually displays its products and the associated trademarks in its advertising and promotional presentations. To date, Calculated Industries has spent over 2.5 millions dollars in advertising and promoting its calculators and related products.

23. Calculated Industries' calculators are sold with a warranty, backed-up by a full-service staff of full time employees at the Carson City, Nevada facility. Calculated Industries also employs several people in its customer service department located at Calculated Industries headquarters.

24. On information and belief, Defendants have manufactured, advertised, offered for sale, sold, and/or distributed commercially in interstate commerce certain calculators, at least one of which is shown in Exhibit 4 (the "Project Calculators"). The Project Calculators bear a shape, style, and overall appearance that is the same as, or confusingly similar to, the SSOA of Calculated Industries' PROJECTCALC® calculator. The Project Calculators and associated packaging bear the labels "Project Calculator" and "Project Calculator Pro".

25. Defendants' sale and/or distribution of the Project Calculators, having a shape, style, and overall appearance that is the same as or confusingly similar to that of Calculated Industries' PROJECTCALC® calculator, is likely to cause confusion and, upon information and belief, has caused confusion that the Project Calculators are made by, sponsored by, or affiliated with, Calculated Industries.

26. Defendants' use of the "Project Calculator" and "Project Calculator Pro" labels on its calculators is likely to cause confusion with Calculated Industries' PROJECTCALC registered trademark and, upon information and belief, has caused confusion that the Project Calculators are made by, sponsored by, or affiliated with, Calculated Industries.

-- 5 --

27. Defendants' use of the shape, style, and overall appearance of the Project Calculators and the "Project Calculator" and "Project Calculator Pro" labels are without the permission of Calculated Industries. This use is with the knowledge that the shape, style, and overall appearance of the Project Calculators and the "Project Calculator" and "Project Calculator Pro" labels are confusingly similar to Calculated Industries' SSOA trademark and registered PROJECTCALC trademark, which have previously been and are being used by Calculated Industries.

28. On information and belief, Defendants have knowledge of Calculated Industries' PROJECTCALC® calculator and the considerable commercial success it has achieved. Plaintiff is informed and believes, and thereon alleges, that Defendants have willfully and with conscious disregard for Calculated Industries' trademarks in the PROJECTCALC® calculator manufactured, advertised, offered for sale, and/or sold the Project Calculators that are colorable imitations of Calculated Industries' trademarks.

29. The above-recited acts by Defendants constitute trademark infringement of Calculated Industries' federally registered trademark in violation of the Lanham Act, 15 U.S.C. §1051, et seq., to the substantial and irreparable injury of the public and of Calculated Industries' business reputation and goodwill.

30. On information and belief, as a result of its acts, Defendants have been and will continue to be unjustly enriched by profits that Defendants have made in connection with the marketing and sale of the Project Calculators having a shape, style, and overall appearance that is confusingly similar to the SSOA of the PROJECTCALC® calculators and the registered PROJECTCALC trademark.

31. On information and belief, as a result of Defendants' acts, Calculated Industries has suffered and will continue to suffer monetary damages in an amount not yet determined. Additionally, Calculated Industries has incurred and will incur liability for costs and attorneys' fees.

32. On information and belief, Defendants' acts were in willful and conscious disregard for Calculated Industries rights to the SSOA trademark and the resulting damage to Calculated Industries goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

33.     Unless Defendants' are restrained and enjoined by this Court, Defendants' actions will continue to cause irreparable harm and injury to Calculated Industries.

### THIRD CAUSE OF ACTION

### (False Designation of Origin)

### (Section 43(a) of the Lanham Act)

34.     Calculated Industries repeats, re-alleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-11 and 18-33, above.

35.     Calculated Industries owns and enjoys common law trademark rights in the SSOA of the PROJECTCALC® calculator, which rights are superior to any rights that Defendants may claim in the product configuration with respect to the Project Calculators. The SSOA for the PROJECTCALC® calculator is inherently distinctive and has acquired secondary meaning with the trade and consuming public or has become distinctive in the minds of purchasers.

36.     Based on information and belief, Defendants have used and are using the shape, style, and overall appearance of the Project Calculators to sell, market, and promote its calculators with the intent of passing off and confusing the public into believing that the Project Calculators are the same as, originate with, and/or are sponsored by Calculated Industries.

37.     By promoting, marketing, advertising, and reselling the Project Calculators, having a shape, style, and overall appearance that is confusingly similar to that of Calculated Industries PROJECTCALC® calculator, Defendants have infringed on Calculated Industries' federal and common law trademark rights in the SSOA of the PROJECTCALC® calculators in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Defendants' above recited acts further constitute false designation of origin, false description, false representation, and unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as such acts are likely to deceive customers and prospective customers into believing that the Project Calculators are from or sponsored by Calculated Industries, and, as a consequence, are likely to divert and have diverted customers away from Calculated Industries.

38.     If not enjoined by the Court, Defendants will continue to sell the Project Calculators in commerce, which calculators will be attributed to having emanated from Calculated Industries. Calculated Industries, however does not have control over the nature and quality of the Project

-- 7 --

Calculators so rendered, and any fault or objection with said calculators will adversely affect future sales by Calculated Industries of its calculator under the SSOA trademark.

39. Based on information and belief, as a result of its acts, Defendants have been and will continue to be unjustly enriched by profits that Defendants have made in connection with the marketing and sale of the Project Calculators that bear a shape, style, and overall appearance which is confusingly similar to the SSOA trademark.

40. On information and belief, as a result of the acts of Defendants, Calculated Industries has suffered, and will continue to suffer, monetary damages in an amount not yet determined. Additionally, Calculated Industries has incurred and will incur liability for costs and attorneys' fees.

41. On information and belief, Defendants' acts were in willful and conscious disregard for Calculated Industries rights to the SSOA trademark and the resulting damage to Calculated Industries goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

42. Unless Defendants are restrained and enjoined by this Court, Defendants' actions will continue to cause irreparable harm and injury to Calculated Industries.

## FOURTH CAUSE OF ACTION

**(Federal Trademark Dilution of the SSOA Trademark)**

**(15 U.S.C. §1125(c))**

43. Calculated Industries repeats, re-alleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-11 and 18-42, above.

44. The SSOA trademark is a distinctive and famous mark.

45. In connection with the Project Calculators, Defendants began using a shape, style, and overall appearance confusingly similar to the SSOA trademark subsequent to the SSOA trademark becoming famous.

46. Defendants' sale and/or distribution of the Project Calculator, which have a shape, style, and overall appearance that is the same or confusingly similar to that of the SSOA trademark, causes dilution by lessening the capacity of the famous SSOA of Calculated Industries PROJECTCALC® calculator to identify and distinguish calculators.

-- 8 --

47. By reason of its acts complained of herein, Defendants have caused the dilution of the distinctive quality of the SSOA trademark and lessened the capacity of the famous SSOA trademark to identify and distinguish calculators in violation of 15 U.S.C. §1125(c).

48. On information and belief, as a result of its acts, Defendants have been and will continue to be unjustly enriched by profits that Defendants have made in connection with the marketing and sale of the Project Calculators bearing a shape, style, and overall appearance that is confusingly similar to the SSOA trademark.

49. On information and belief, as a result of its acts of Defendants, Calculated Industries has suffered, and will continue to suffer, monetary damages in an amount not yet determined. Additionally, Calculated Industries has incurred and will incur liability for costs and attorneys' fees.

50. On information and belief, Defendants willfully intended to trade on Calculated Industries reputation or to cause dilution of Calculated Industries famous SSOA trademark. Defendants' acts and the resulting damage to Calculated Industries goodwill and reputation are such as to warrant the trebling of damages in order to provide just compensation. Unless Defendants are restrained and enjoined by this Court, Defendants' actions will continue to cause irreparable harm and injury to Calculated Industries.

### FIFTH CAUSE OF ACTION

**(Common Law Trademark Infringement of the SSOA Trademark)**

51. Calculated Industries repeats, re-alleges, and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1-11 and 18-50, above.

52. By reason of Calculated Industries' continuous use and promotion of the SSOA trademark, as well as the distinctiveness of that mark, consumers associate and recognize the SSOA trademark as representing a single, even if anonymous, source or sponsor of goods, and therefore, the SSOA trademark is a protectable trademark at common law.

53. Calculated Industries owns and enjoys common law trademark rights in the overall commercial impression and presentation of its PROJECTCALC® calculator, which rights are superior to any rights that Defendants may claim in and to said trademark with respect to their calculators. Calculated Industries SSOA trademark is inherently distinctive, and has acquired secondary meaning

-- 9 --

1 with the trade and consuming public or has become distinctive in the minds of purchasers in that the
2 SSOA trademark for calculators is associated with Calculated Industries.

3    54. Defendants have used the Project Calculators, which bear a confusingly similar
4 appearance to Calculated Industries PROJECTCALC® calculator. Defendants' use of a similar
5 appearance for the Project Calculators has created a likelihood that the trade and consuming public will
6 be confused as the source of the products.

7    55. The manufacturing, sale, advertising, and/or distribution by Defendants of the
8 Project Calculators throughout the United States is likely to cause confusion and has caused confusion
9 as to the source of the Project Calculators in that purchasers thereof will be likely to associate or have
10 associated such products as originating from Calculated Industries, all to the detriment of Calculated
11 Industries.

12    56. By reason of Defendants' actions alleged herein, Calculated Industries has suffered
13 and will continue to suffer, irreparable injury to its rights and suffer loss of goodwill and in the value of
14 its SSOA trademark unless and until Defendants are enjoined from continuing its wrongful acts.

15    57. By reason of Defendants' actions alleged herein, Calculated Industries has been
16 damaged in an amount not presently ascertained, and such damage will continue and increase unless and
17 until Defendants are enjoined from continuing its wrongful acts.

18    58. Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive,
19 and in conscious disregard of Calculated Industries' rights in its SSOA trademark, justifying the
20 imposition of punitive and exemplary damages.

## SIXTH CAUSE OF ACTION

**(Common Law Unfair Competition Regarding the SSOA Trademark)**

23    59. Calculated Industries repeats, re-alleges, and incorporates by reference, as though
24 fully set forth herein, the allegations contained in paragraphs 1-11 and 18-58, above.

25    60. Defendants' actions in connection with the Project Calculators are likely to cause
26 confusion, misrepresentation, and/or to cause mistake or to deceive the public as to the affiliation,
27 approval, sponsorship, or connection between Defendants and Calculated Industries and constitutes
28 unfair competition at common law.

61. By reason of Defendants' actions in connection with the Project Calculators, Calculated Industries has suffered, and will continue to suffer, irreparable injury and suffer substantial loss of goodwill and in the value of its SSOA trademark unless and until Defendants are enjoined from continuing its wrongful acts.

62. By reason of Defendants' actions in connection with the Project Calculators, Calculated Industries has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendants are enjoined from continuing its wrongful acts.

63. Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Calculated Industries' rights in its SSOA trademark, justifying the imposition of punitive and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demands judgment:

1. That Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, through, or in concert with Defendants, or any of them, be enjoined preliminarily and permanently:

(A) from infringing the '623 patent, either directly or contributorily;

(B) from inducing others to infringe the '623 patent;

(C) from using the "Project Calculator" and "Project Calculator Pro" labels, or any other designation that is a colorable imitation of or is confusingly similar to the "PROJECTCALC" trademark in connection with the advertising, marketing, distribution, offering for sale, and/or sale of calculators or promotion of calculators not originating from nor authorized by Calculated Industries;

(D) from using the SSOA trademark, or any other designation which is a colorable imitation of or is confusingly similar to the SSOA trademark or the shape, style, and overall appearance of the PROJECTCALC® calculators in connection with the advertising, marketing, distribution, offering for sale, and/or sale of calculators or promotion of calculators not originating from nor authorized by Calculated Industries;

(E) from representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Defendants are sponsored, approved, authorized by, or originate

-- 11 --

1 from Calculated Industries or otherwise taking any action likely to cause confusion, mistake, or
2 deception as to the origin, approval, sponsorship, or certification of such goods or services.

    (F) from infringing or diluting the distinctive quality of the SSOA trademark; and

    (G) from unfairly competing with Calculated Industries in any manner.

  2. That Defendants be required to deliver to the Plaintiffs any and all calculators in its possession, custody, and/or control that infringe the '623 patent.

  3. That Defendants be required to deliver up to Calculated Industries for destruction any and all of the Project Calculators that are in Defendants' possession, custody, and/or control or any other calculators that are in Defendants' control that bear the same shape, style, and overall appearance as that of Calculated Industries' PROJECTCALC® calculator or any confusingly similar variations thereof.

  4. That Defendants be required to prepare and deliver to the Court a complete list of entities from whom Defendants purchased, and to whom it distributed and/or sold, products that infringe and/or that infringed the '623 patent, and to serve a copy of such list on Calculated Industries' attorneys.

  5. That Defendants be required to prepare and deliver to the Court a complete list of entities from whom Defendants purchased, and to whom it distributed and/or sold, the Project Calculators that bear the same shape, style, and overall appearance as that of Calculated Industries' PROJECTCALC® calculator or any confusingly similar variations thereof, and to serve a copy of such list on Plaintiffs' attorneys.

  6. That Defendants be required to deliver to the Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of any calculators that infringe and/or that infringed the '623 patent.

  7. That Defendants be required to deliver to the Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of any Project Calculators that bear the same shape, style, and overall appearance as that of Calculated Industries' PROJECTCALC® calculator or any confusingly similar variations thereof, and to serve a copy of such documents on Plaintiffs' attorneys.

  8. That Defendants be required to deliver up to Calculated Industries for destruction all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing the "Project Calculator" or Project Calculator Pro" labels and/or SSOA trademark or a shape,

-- 12 --

style, and overall appearance that is confusingly similar to the PROJECTCALC or SSOA trademark, together with all plates, molds, and other means of making the same.

9.  That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Calculated Industries' attorneys a written report, under oath, setting forth in detail the manner in which Defendants have complied with paragraphs 1-8, above.

10. That Defendants be required to account for and pay over to Plaintiffs cumulative damages sustained by Calculated Industries by reason of Defendants' unlawful act of patent infringement, trademark infringement, and unfair competition herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Plaintiffs.

11. That the present case be found exceptional and that attorneys' fees be awarded to Plaintiffs under 35 U.S.C. §285.

12. That Plaintiffs be awarded its reasonable costs.

13. That Plaintiffs be awarded punitive damages.

14. That Plaintiffs have such other and further relief as the Court may deem equitable.

Dated: January 30, 2006

Respectfully submitted,

IAN F. BURNS & ASSOCIATES, P.C.

By:/s Ian F. Burns
    Ian F. Burns
    Attorney for Plaintiffs
    Calculated Industries, Inc.
    Construction Master Technologies, Inc.

-- 13 --